MEMORANDUM **
Manuel Valenzuela Cabrera, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals’ denial of his motion to reopen as *694 untimely. In the motion, he sought to reapply for protection under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252, and we deny the petition for review.
Valenzuela Cabrera contends that the Board erred in denying his motion as untimely because there is no time limit for motions to reopen that seek relief under CAT and because he only recently became aware of “widespread torture” in Mexico. Valenzuela Cabrera filed the motion to reopen outside the 90-day time limit set forth in 8 C.F.R. § 1003.2(c)(2). In addition, he failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. See 8 C.F.R. § 1003.2(c)(3)(ii); He v. Gonzales, 501 F.3d 1128, 1131-32 (9th Cir.2007).
Valenzuela Cabrera also contends that he established a prima facie case of eligibility for relief under CAT. The generalized evidence attached to his motion did not meet the CAT standard. See Nuru v. Gonzales, 404 F.3d 1207, 1216 (9th Cir.2005) (holding that CAT applicant must establish that it is more likely than not that he would be tortured if removed to his native country); Ordonez v. INS, 345 F.3d 777, 785 (9th Cir.2003) (holding that motion to reopen must establish prima facie case demonstrating reasonable likelihood that requirements for relief have been satisfied).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.